**Arben MIKAJ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–4662–AG.**

United States Court of Appeals, Second Circuit.

March 27, 2006.

Sam Gjoni, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Dawn Ison, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 27th day of March, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Arben Mikaj, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att'y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73–79 (2d Cir.2004); Ramsameachire v. Ashcroft, 357 F.3d 169, 178–83 (2d Cir.2004); Secaida–Rosales v. INS, 331 F.3d 297, 306–13 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 286–88 (2d Cir.2000).

As an initial matter, although the IJ made no reference to Mikaj's claim for relief under the CAT in his decision, Mikaj has abandoned this claim by omitting it from his appellate brief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1 (2d Cir.2005) (citing Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998)).

The IJ rested his adverse credibility finding on a single factor: Mikaj's failure to testify on direct examination about an incident set forth in his asylum application wherein two masked men invaded his home and attacked his family. This inconsistency was a "specific, cogent reason[ ]" that "b[ore] a legitimate nexus" to the adverse credibility finding. Zhou Yun Zhang, 386 F.3d at 74 (quoting Secaida–Rosales, 331 F.3d at 307). A reasonable adjudicator would not have been compelled to credit Mikaj's testimony. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang, 386 F.3d at 73. Accordingly, we conclude that the IJ's decision was supported by substantial evidence.

Even if the IJ erred in relying on the lack of a corroborating affidavit from petitioner's brother without giving petitioner an opportunity to explain its absence or why it was not reasonably available, see Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 394–95 (2d Cir.2005); Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 153 (2d Cir.2003), it is clear from his decision that he did not rely to any significant degree on this finding. We can confidently predict that the IJ would reach the same adverse credibility finding on remand. See Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 162 (2d Cir.2006); Cao He Lin, 428 F.3d at 395.

For the foregoing reasons, the petition for review is DENIED.